Edward R. Nelson III (*Pro Hac Vice to be submitted*)
Texas Bar No. 00797142
Christopher G. Granaghan (*Pro Hac Vice to be submitted*)
Texas Bar No. 24078585
Carder W. Brooks (*Pro Hac Vice to be submitted*)
Texas Bar No. 24105536
Jinming Zhang (*Pro Hac Vice to be submitted*)
Virginia Bar. No. 96210
ed@nelbum.com
chris@nelbum.com
carder@nelbum.com
jinming@nelbum.com
**NELSON BUMGARDNER CONROY P.C.**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111

Ryan E. Hatch (SBN 235577)
ryan@hatchlaw.com
**HATCH LAW, PC**
13323 W. Washington Blvd., Suite 302
Los Angeles, CA 90066
Tel: 310-279-5079
Fax: 310-693-5328
**Attorneys for Plaintiff**
**ECOSAFE PACKAGING, LLC**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ECOSAFE PACKAGING, LLC,<br><br>　　*Plaintiff*,<br><br>v.<br><br>GPA GLOBAL CORPORATION,<br><br>　　*Defendant*. | CASE NO. 2:25-cv-10240<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff EcoSafe Packaging, LLC ("EcoSafe") files this Complaint against GPA Global Corporation ("GPA") for infringement of U.S. Patent Nos. 10,513,375 ("the '375 patent") and 11,492,182 ("the '182 patent"). The '375 patent and '182 patent are referred to collectively as the "patents-in-suit."

## THE PARTIES

1. Plaintiff EcoSafe is a limited liability company organized under the laws of Texas with its principal place of business at 6900 Dallas Parkway, Floor 3, Plano, Texas 75024.

2. On information and belief, Defendant GPA is a company organized under the laws of California with a regular and established place of business in this District located at 9655 De Soto Avenue, Chatsworth, California 91311. GPA may be served with process through its registered agent, Julio C. Puebla, at 3852 Coral Crest Way, San Ysidro, California 92173.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq*. This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (jurisdiction over patent actions).

4. GPA is subject to personal jurisdiction in this Court due at least to its substantial business in this State and District, including: (1) its organization under the laws of this State and its multiple physical locations in this State and District; (2) performance of infringing acts in this State and District; and (3) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to residents of this State and District.

5. Specifically, GPA has manufacturing sites and "Creative Services Centres" in Chatsworth and San Bernardino, and logistics sites in Fontana, La Miranda, Ontario, and Santa Ana, all of which are in this District.[1] On information and belief, via at least these locations, GPA develops, designs, makes, distributes, markets, offers to sell, sells, and/or imports infringing products and services within, and to, the United States, the State of California, and this District.

6. Such infringing products (collectively, the "Accused Products") include GPA's "Linus"

---

[1] *See* GPA Footprint, https://www.gpaglobal.net/business/#gpa-footprint (last accessed October 24, 2025).

round tins,[2] as well as any and all similar child resistant containers. The Accused Products have been, and continue to be, distributed to and from this District at least in connection with GPA's website (gpaglobal.net) and its myriad California locations. GPA's infringing activities have caused harm to EcoSafe in this District.

7. Venue is proper in this District under 28 U.S.C. § 1400(b). GPA resides in this District, has committed acts of infringement in this District, and maintains a regular and established places of business in this District.

## THE PATENTS-IN-SUIT

8. EcoSafe is the exclusive licensee of, and has all substantial rights to, the patents-in-suit, and holds the exclusive right to take all actions necessary to enforce its rights in and to the patents-in-suit, including the filing of this patent infringement action. EcoSafe also has the right to recover all damages for past, present, and future infringements of the patents-in-suit and to seek injunctive relief as appropriate under the law.

9. The '375 patent is entitled "Metal Child Resistant Container." The '375 patent lawfully issued on December 24, 2019 and stems from U.S. Pat. App. No. 16/381,904, filed on April 11, 2019, which is a continuation-in-part of both U.S. Pat. App. No. 15/951,482 filed on April 12, 2018 and U.S. Pat. App. No. 16/011,267 filed on June 18, 2018. A copy of the '375 patent is attached hereto as Exhibit 1.

10. The '182 patent is entitled "Child Resistant Container." The '182 patent lawfully issued on November 8, 2022 and stems from U.S. Pat. App. No. 16/726,152, filed on December 23, 2019, which is a continuation-in-part of U.S. Pat. App. No. 16/381,904 filed on April 11, 2019, U.S. Pat. App. No. 16/011,267 filed on June 18, 2018, and U.S. Pat. App. No. 15/951,482 filed on April 12, 2018. A copy of the '182 patent is attached hereto as Exhibit 2.

## GPA'S KNOWLEDGE OF ITS INFRINGEMENTS

11. The patents-in-suit were invented and developed by Nicholas Karll, owner of Eco Packaging Solutions, a California company in the business of providing sustainable packaging for the cannabis industry. Eco Packaging Solutions is a licensee to the patents-in-suit. Under its brand, "Tin

---

[2] *See* Linus: Tins, https://www.gpaglobal.net/packaging/child-resistant-cr-packaging/linus-series-cannabis-packaging/ (last accessed October 24, 2025).

Canna," Eco Packaging Solutions markets a "Patented 100% Recyclable Single Source Child Resistant Solution" that is covered by, and marked with, the patents-in-suit.[3] Plaintiff EcoSafe has taken reasonable steps to ensure Eco Packaging Solutions' compliance with § 287(a) and has otherwise complied with the marking requirements of 35 U.S.C. § 287(a).

12. Between January and June 2019, GPA engaged in extensive business communications and collaboration with Mr. Karll related to Mr. Karll's inventions. During this period, GPA executed a nondisclosure agreement, received product samples and design documents, and participated in detailed discussions regarding product design, manufacturing specifications, and pricing for child-resistant metal containers covered by the patents-in-suit. These communications included the exchange of confidential information, design drawings, and technical specifications, all of which referenced the proprietary nature of Mr. Karll's products and the existence of patent rights. Accordingly, on information and belief, GPA has had knowledge of, and/or has exercised willful blindness to, the inventions of patents-in-suit since that time. GPA subsequently began manufacturing and selling infringing products despite knowledge of the patents-in-suit and its infringing activities.

13. On December 24, 2019 (the day after the '182 patent was filed), Mr. Karll's counsel formally notified GPA of its infringements by sending a cease-and-desist letter specifically identifying the '375 patent. In response to the cease-and-desist letter, GPA thoroughly analyzed the '375 patent and its prosecution history and ultimately responded in March 2020. GPA has, thus, known of the '375 patent and its infringements of the '375 patent at least since December 24, 2019. Additionally, Eco Packing Solutions marked its products with the patent numbers of the patents-in-suit upon their issuance. As a competitor of GPA familiar with Eco Packing Solutions' products and patents, GPA has known of, or been willfully blind to, the '182 patent and its infringements of the '182 patent since November 8, 2022, when the '182 patent issued.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 10,513,375

---

[3] *See* Tin Canna, https://tin-canna.com/; Patents, https://tin-canna.com/patents/ (last accessed October 24, 2025).

14. This cause of action arises under the patent laws of the United States and, in particular, 35 U.S.C. §§ 271, *et seq*.

15. EcoSafe is the exclusive licensee of the '375 patent with all substantial rights, including the exclusive right to enforce, sue, and recover damages for past and future infringements.

16. The '375 patent is valid and enforceable and was duly issued in full compliance with Title 35 of the United States Code.

*Direct Infringement (35 U.S.C. § 271(a))*

17. GPA has directly infringed, and continues to directly infringe, one or more claims of the '375 patent in this District and elsewhere in California and the United States.

18. Specifically, GPA has infringed and continues to infringe, either by itself or via its agents, at least claims 1-3, 5-7, 12-13, 15, and 17 of the '375 patent by, among other things, making, offering to sell, selling, importing, and/or using the Accused Products.

19. The Accused Products meet all limitations of claims 1-3, 5-7, 12-13, 15, and 17 of the '375 patent, as detailed in Exhibit 3.

20. GPA is liable for its direct infringements of the '375 patent pursuant to 35 U.S.C. § 271.

*Indirect Infringement (Inducement – 35 U.S.C. § 271(b))*

21. In addition to and/or in the alternative to its direct infringements, GPA has indirectly infringed and continues to indirectly infringe one or more claims of the '375 patent by inducing direct infringement by its partners, distributors, customers and end users.

22. GPA has had knowledge of the '375 patent and its infringements since at least December 2019. In no event can GPA claim any lack of knowledge after being served with this Complaint.

23. Despite having knowledge of the '375 patent and its scope, GPA has specifically intended, and continues to specifically intend, for persons (such as GPA's partners, distributors, customers, and end users ) to offer for sale, sell, import, and use the Accused Products, which infringe at least claims 1-3, 5-7, 12-13, 15, and 17 of the '375 patent as set forth in Exhibit 3. For example, GPA provides its partners, distributors, and customers with Accused Products for distribution and/or resale, and it instructs and encourages its partners, distributors, and customers to package their own goods in the Accused Products

for sale to consumers.[4] GPA knew or should have known that its actions have induced, and continue to induce, such infringements.

*Indirect Infringement (Contributory – 35 U.S.C. § 271(c))*

24. In addition to and/or in the alternative to its direct infringements, GPA has indirectly infringed and continues to indirectly infringe one or more claims of the '375 patent by contributing to the direct infringement by its partners, distributors, customers, and end users.

25. GPA has had knowledge of the '375 patent and its infringements since at least December 2019. In no event can GPA claim any lack of knowledge after being served with this Complaint.

26. Despite having knowledge of the '375 patent and its scope, GPA has made, sold, offered for sale, and/or imported into the United States Accused Products that constitute the material part of the inventions claimed in the '375 patent, including at least claims 1-3, 5-7, 12-13, 15, and 17 as set forth in Exhibit 3. The Accused Products are especially made or especially adapted for use in infringing the asserted claims, and they are not staple articles or commodities of commerce suitable for substantial non-infringing use.

27. With knowledge of the '375 patent and the infringing nature of the Accused Products, GPA has supplied, and continues to supply, Accused Products to its partners, distributors, customers, and end users for use in practicing the claimed inventions of the '375 patent. For example, GPA supplies them with the Accused Products for distribution and/or resale and instructs and encourages such partners, distributors, and customers to package goods in the Accused Products in a manner that practices the asserted claims, as set forth in Exhibit 3.[5] GPA knew, or was willfully blind to the fact, that the Accused Products are especially made or adapted for use in infringement of the '375 patent and that the Accused Products are not suitable for substantial non-infringing use.

*Damages*

28. EcoSafe has been damaged by GPA's infringing conduct described in this Count. GPA is, thus, liable to EcoSafe in an amount that adequately compensates it for GPA's infringements, which, by

---

[4] Linus: Tins, https://www.gpaglobal.net/packaging/child-resistant-cr-packaging/linus-series-cannabis-packaging/ (last accessed October 24, 2025).

[5] *Id*.

law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

29. Despite having knowledge of the '375 patent, and knowledge that it is directly and/or indirectly infringing claims of the '375 patent, GPA has nevertheless continued its infringing conduct in an egregious manner. GPA knew of the '375 patent and its scope, yet continued to use, manufacture, import, offer for sale, and sell infringing products. At the very least, GPA was willfully blind to the '375 patent and its application to the Accused Products. For at least these reasons, GPA's infringing activities have been, and continue to be, willful, wanton, and deliberate in disregard of EcoSafe's rights with respect to the '375 patent, justifying enhanced damages under 35 U.S.C. § 284.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 11,492,182

30. This cause of action arises under the patent laws of the United States and, in particular, 35 U.S.C. §§ 271, *et seq*.

31. EcoSafe is the exclusive licensee of the '182 patent with all substantial rights, including the exclusive right to enforce, sue, and recover damages for past and future infringements.

32. The '182 patent is valid and enforceable and was duly issued in full compliance with Title 35 of the United States Code.

*Direct Infringement (35 U.S.C. § 271(a))*

33. GPA has directly infringed, and continues to directly infringe, one or more claims of the '182 patent in this District and elsewhere in California and the United States.

34. Specifically, GPA has infringed and continues to infringe, either by itself or via its agents, at least claims 1-4, 6, 7, 9, 10, 14, 15, 17, 19, and 20 of the '182 patent by, among other things, making, offering to sell, selling, importing, and/or using the Accused Products.

35. The Accused Products meet all limitations of claims 1-4, 6, 7, 9, 10, 14, 15, 17, 19, and 20 of the '182 patent, as detailed in Exhibit 4.

36. GPA is liable for its direct infringements of the '182 patent pursuant to 35 U.S.C. § 271.

*Indirect Infringement (Inducement – 35 U.S.C. § 271(b))*

37. In addition to and/or in the alternative to its direct infringements, GPA has indirectly infringed and continues to indirectly infringe one or more claims of the '182 patent by inducing direct

infringement by its partners, distributors, customers, and end users.

38. On information and belief, GPA has had knowledge of the '182 patent and its infringements since at least November 2022. In no event can GPA claim any lack of knowledge after being served with this Complaint.

39. Despite having knowledge of the '182 patent and its scope, GPA has specifically intended, and continues to specifically intend, for persons (such as GPA's partners, distributors, customers, and end users) to offer for sale, sell, import, and use the Accused Products, which infringe at least claims 1-4, 6, 7, 9, 10, 14, 15, 17, 19, and 20 of the '182 patent as set forth in Exhibit 4. For example, GPA provides its partners, distributors, and customers with the Accused Products for distribution and/or resale and instructs and encourages its partners/customers to package their own goods in the Accused Products for sale to consumers.[6] GPA knew or should have known that its actions have induced, and continue to induce, such infringements.

*Indirect Infringement (Contributory – 35 U.S.C. § 271(c))*

40. In addition to and/or in the alternative to its direct infringements, GPA has indirectly infringed and continues to indirectly infringe one or more claims of the '182 patent by contributing to the direct infringement by its partners, distributors, and end users.

41. On information and belief, GPA has had knowledge of the '182 patent and its infringements since at least November 2022. In no event can GPA claim any lack of knowledge after being served with this Complaint.

42. Despite having knowledge of the '182 patent and its scope, GPA has sold, offered for sale, and/or imported into the United States the Accused Products that constitute the material part of the inventions claimed in the '182 patent, including at least claims 1-4, 6, 7, 9, 10, 14, 15, 17, 19, and 20, as set forth in Exhibit 4. The Accused Products are especially made or especially adapted for use in infringing the asserted claims, and they are not staple articles or commodities of commerce suitable for substantial non-infringing use.

43. With knowledge of the '182 patent and the infringing nature of the Accused Products, GPA has supplied and continues to supply the Accused Products to its partners, distributors, customers, and end

---

[6] *Id.*

users for use in practicing the claimed inventions of the '182 patent. For example, GPA supplies its partners, distributors, and customers with the Accused Products for distribution and/or resale and instructs and encourages them to package goods in the Accused Products in a manner that practices the asserted claims, as set forth in Exhibit 6.[7] GPA knew, or was willfully blind to the fact, that the Accused Products are especially made or adapted for use in infringement of the '182 patent and that the Accused Products are not suitable for substantial non-infringing use.

***Damages***

44. EcoSafe has been damaged by GPA's infringing conduct described in this Count. GPA is, thus, liable to EcoSafe in an amount that adequately compensates it for GPA's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

45. Despite having knowledge of the '182 patent, and knowledge that it is directly and/or indirectly infringing claims of the '182 patent, GPA has nevertheless continued its infringing conduct in an egregious manner. GPA knew of the '182 patent and its scope, yet continued to use, manufacture, import, offer for sale, and sell infringing products. At the very least, GPA was willfully blind to the '182 patent and its application to Accused Products. For at least these reasons, GPA's infringing activities have been, and continue to be, willful, wanton, and deliberate in disregard of EcoSafe's rights with respect to the '182 patent, justifying enhanced damages under 35 U.S.C. § 284.

## DEMAND FOR A JURY TRIAL

EcoSafe demands a trial by jury on all issues triable to a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

EcoSafe respectfully requests that this Court enter judgment in its favor and grant the following relief:

(i) Judgment and Order that GPA has directly and/or indirectly infringed one or more claims of each of the patents-in-suit;

(ii) Judgment and Order that GPA must pay EcoSafe past and future damages under 35 U.S.C.

---

[7] *Id.*

|   |       |                                                                                                                                                                                                                                                          |
|---|-------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   |       | § 284, including supplemental damages arising from any continuing, post-verdict infringement for the time between trial and entry of the final judgment, together with an accounting, as needed, under 35 U.S.C. § 284;                                  |
|   | (iii) | Judgment and Order that GPA must pay EcoSafe reasonable ongoing royalties after Final Judgment;                                                                                                                                                          |
|   | (iv)  | Judgment and Order that GPA's infringement of the patents-in-suit have been willful from the time that GPA became aware of the infringing nature of its products, and that the Court award treble damages pursuant to 35 U.S.C. § 284;                   |
|   | (v)   | Judgment and Order that GPA must pay EcoSafe pre-judgment and post-judgment interest on the damages award;                                                                                                                                               |
|   | (vi)  | Judgment and Order that GPA must pay EcoSafe's costs;                                                                                                                                                                                                    |
|   | (vii) | Judgment and Order that the Court find this case exceptional under the provisions of 35 U.S.C. § 285 and, accordingly, order GPA to pay EcoSafe's attorneys' fees; and                                                                                   |
|   | (viii)| Such other and further relief as the Court may deem just and proper.                                                                                                                                                                                     |

Dated: October 24, 2025                    Respectfully submitted,

                                           */s/ Ryan E. Hatch*

                                           Edward R. Nelson III (*Pro Hac Vice to be submitted*)
                                           Texas Bar No. 00797142
                                           Christopher G. Granaghan (*Pro Hac Vice to be submitted*)
                                           Texas Bar No. 24078585
                                           Carder W. Brooks (*Pro Hac Vice to be submitted*)
                                           Texas Bar No. 24105536
                                           Jinming Zhang (*Pro Hac Vice to be submitted*)
                                           Virginia Bar. No. 96210
                                           ed@nelbum.com
                                           chris@nelbum.com
                                           carder@nelbum.com
                                           jinming@nelbum.com
                                           **NELSON BUMGARDNER CONROY P.C.**
                                           3131 West 7th Street, Suite 300
                                           Fort Worth, Texas 76107
                                           Telephone: (817) 377-9111

                                           Ryan E. Hatch (SBN 235577)
                                           ryan@hatchlaw.com

**HATCH LAW, PC**
13323 W. Washington Blvd., Suite 302
Los Angeles, CA 90066
Tel: 310-279-5079
Fax: 310-693-5328

**Attorneys for Plaintiff ECOSAFE PACKAGING, LLC**