Edward R. Nelson III (*admitted Pro Hac Vice*)
Texas Bar No. 00797142
Christopher G. Granaghan (*admitted Pro Hac Vice*)
Texas Bar No. 24078585
Carder W. Brooks (*admitted Pro Hac Vice*)
Texas Bar No. 24105536
Jinming Zhang (*admitted Pro Hac Vice*)
Virginia Bar. No. 96210
ed@nelbum.com
chris@nelbum.com
carder@nelbum.com
jinming@nelbum.com
NELSON BUMGARDNER CONROY P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111

Ryan E. Hatch (SBN 235577)
ryan@hatchlaw.com
HATCH LAW, PC
13323 Washington Blvd., Suite 302
Los Angeles, CA 90066
Tel: 310-279-5079
Fax: 310-693-5328

**Attorneys for Plaintiff**
**ECOSAFE PACKAGING, LLC**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ECOSAFE PACKAGING, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> GPA USA, LLC, GPA GLOBAL CORPORATION, and GPA HONG KONG LIMITED, <br><br> *Defendants*. | CASE NO. 2:25-CV-10240-ODW-PD <br><br> **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff EcoSafe Packaging, LLC ("EcoSafe") files this First Amended Complaint against GPA USA, LLC, GPA Global Corporation, and GPA Hong Kong Limited for infringement of U.S. Patent Nos. 10,513,375 ("the '375 patent") and 11,492,182 ("the '182 patent"). The '375 patent and '182 patent are referred to collectively as the "patents-in-suit."

1. On November 25, 2025, EcoSafe properly served the Original Complaint (ECF 1) identifying GPA Global Corporation as the sole defendant. On January 15, 2026, GPA USA, LLC answered and asserted counterclaims (ECF 25), while alleging that GPA Global Corporation was erroneously named. GPA USA, LLC also identified GPA Hong Kong Limited as a related, interested party in its Certification and Notice of Interested Parties (ECF 26).

2. GPA Global Corporation did not file a responsive pleading. Further to GPA USA, LLC's assertion regarding GPA Global Corporation, EcoSafe requested that GPA USA, LLC confirm: (i) that GPA Global Corporation is unrelated to the "GPA Global" entity associated with the website gpaglobal.net (and discussed in EcoSafe's original complaint), and is otherwise uninvolved with any of the accused GPA products/activities; (ii) that GPA USA, LLC is the only proper party to answer EcoSafe's patent infringement allegations; and (iii) that it will not oppose EcoSafe's inclusion of GPA Global Corporation and/or any other "GPA" entity at a later date if discovery confirms they are proper parties.

3. After discussion, GPA USA, LLC declined to provide any of the requested confirmations. Thus, EcoSafe hereby amends its complaint to formally add GPA USA, LLC and GPA Hong Kong Limited as defendants, in addition to GPA Global Corporation. This First Amended Complaint relates back to the Original Complaint in accordance with Fed. R. Civ. P. 15(c).

## THE PARTIES

4. Plaintiff EcoSafe is a limited liability company organized under the laws of Texas with its principal place of business at 6900 Dallas Parkway, Floor 3, Plano, Texas 75024.

5. Defendant GPA USA, LLC is a company organized under the laws of Delaware with a regular and established place of business in this District located at 9655 De Soto Avenue, Chatsworth, California 91311. GPA USA, LLC may be served with process through its registered agent, Registered Agent Solutions, Inc., 3400 Capitol Blvd. SE, Suite 101, Tumwater, WA 98501.

6. On information and belief, Defendant GPA Global Corporation is a company organized under the laws of California with a regular and established place of business in this District located at 9655 De Soto Avenue, Chatsworth, California 91311. GPA Global Corporation may be served with process through its registered agent, Julio C. Puebla, at 3852 Coral Crest Way, San Ysidro, California 92173.

7. On information and belief, Defendant GPA Hong Kong Limited is a company organized under the laws of Hong Kong with principal places of business at: (i) 5th Fl #1 Building, Yizhongli Science Park, Langshan 1st Rd, North District, Hi-Tech Park, Nanshan, China; and (ii) 9655 De Soto Avenue, Chatsworth, California 91311.

8. As further discussed below, on information and belief, the Defendants act in concert and as agents of one another in furtherance of the infringing activities discussed herein. Thus, unless otherwise specified, the Defendants are referred to collectively as "GPA."

## JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq*. This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (jurisdiction over patent actions).

10. GPA is subject to personal jurisdiction in this Court due at least to its substantial business in this State and District, including: (1) its multiple physical locations in this State and District; (2) performance of infringing acts in this State and District; and (3) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to residents of this State and District. Moreover, GPA Global Corporation is organized under the laws of this State.

11. Specifically, GPA has manufacturing facilities and "Creative Services Centres" in Chatsworth and San Bernardino, and logistics facilities in Fontana, La Miranda, Ontario, and Santa Ana, all of which are in this District.[1] On information and belief, via at least these locations, GPA develops, designs, makes, markets, offers to sell, sells, distributes, and/or imports infringing products and services

---

[1] *See* GPA Footprint, https://www.gpaglobal.net/business/#gpa-footprint (last accessed January 29, 2026).

1   within, and to, the United States, the State of California, and this District.

2       12.   Such infringing products (collectively, the "Accused Products") include GPA's "Linus" round tins,[2] as well as any and all similar child resistant containers. The Accused Products have been, and continue to be, distributed to and from this District at least in connection with GPA's website (gpaglobal.net) and its myriad California locations. GPA's infringing activities have caused harm to EcoSafe in this District.

3       13.   Indeed, GPA has purposefully and voluntarily placed, and is continuing to place, one or more Accused Products into the stream of commerce through established distribution channels (including the Internet) with the expectation and intent that such products will be sold to, and purchased by, consumers in the United States, this State, and this District; and with the knowledge and expectation that such products (whether in standalone form or as integrated in downstream products) will be imported into the United States, this State, and this District.

4       14.   On information and belief, as to GPA Hong Kong Limited specifically, GPA Hong Kong Limited conducts business in California and, particularly, in this District, directly or through intermediaries such as GPA USA, LLC and GPA Global Corporation. Indeed, on information and belief, GPA Hong Kong Limited is engaged in making, using, offering for sale, selling, and importing Accused Products to and throughout the United States, including this District. GPA Hong Kong Limited also induces its counterparts, subsidiaries, distributors, affiliates, retailers, suppliers, and customers (including GPA USA, LLC and GPA Global Corporation) in the making, using, offering for sale, selling, and importing such products to and throughout the United States, including this District. To this end, GPA Hong Kong Limited and its foreign and U.S.-based counterparts and affiliates (including GPA USA, LLC and GPA Global Corporation)—which act together as part of GPA Hong Kong Limited's global network of sales and manufacturing emissaries—have operated as agents of, and for, one another and have otherwise acted vicariously for GPA Hong Kong Limited as elements of the same business group and/or enterprise. Indeed, they work in concert and in orchestrated fashion to implement a distribution channel of infringing products

---

[2] *See* Linus: Tins, https://www.gpaglobal.net/packaging/child-resistant-cr-packaging/linus-series-cannabis-packaging/ (last accessed January 29, 2026).

within this District and the United States.

15. On information and belief, GPA Hong Kong Limited also maintains a substantial corporate presence in the United States via at least its U.S.-based counterparts and affiliates, including GPA USA, LLC and GPA Global Corporation. On information and belief, these entities are responsible for GPA Hong Kong Limited's domestic marketing, offers for sale, sales, importation, and support in North America. These entities are GPA Hong Kong Limited's agents, operating at its direction and control. Subject to such direction and control, these U.S. entities import and sell infringing products, such as those discussed below, in the United States and this District. *See Foster v. PUMA N. Am., Inc.*, No. 2:23-cv-09372-FLA (SKx), 2024 U.S. Dist. LEXIS 153111, at *19 (C.D. Cal. Aug. 26, 2024) (citing *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990)) ("For purposes of personal jurisdiction, the actions of an agent are attributable to the principal.") (internal quotation marks omitted); *Tarbuzz Tobacco, Inc. v. Lorillard, Inc.*, No. SACV 13-00411-CJC (ANx), 2013 U.S. Dist. LEXIS 198427, at *4-5 (C.D. Cal. July 10, 2013) ("A court may exercise personal jurisdiction over a parent company because of its relationship to a subsidiary with operations in the forum if the subsidiary's presence substitutes for the presence of the parent."). On information and belief, because GPA Hong Kong Limited's U.S.-based counterparts and affiliates are authorized by it to offer to sell, sell, import, and distribute Accused Products, GPA Hong Kong Limited's counterparts' and affiliates' corporate presences in the United States give GPA Hong Kong Limited substantially the same business advantages it would enjoy if it conducted its business through its own offices and personnel.

16. GPA Hong Kong Limited has, thus, in the many ways described above, availed itself of the benefits and privileges of conducting business in this State and willingly subjected itself to the exercise of this Court's personal jurisdiction. Indeed, GPA Hong Kong Limited has sufficient minimum contacts with this forum through its transaction of substantial business in this State and this District, and its commission of acts of patent infringement as alleged in this Complaint that are purposefully directed towards this State and District.

17. Alternatively, the Court maintains personal jurisdiction over GPA Hong Kong Limited under Federal Rule of Civil Procedure 4(k)(2).

18. Venue is proper in this District under 28 U.S.C. §§ 1400(b) and 1391. GPA USA, LLC admitted in its answer that venue is proper in this District. *See* ECF 25, ¶ 7. Further, GPA Global Corporation resides in this District, has committed acts of infringement in this District, and maintains a regular and established places of business in this District. GPA Hong Kong Limited is not a resident of the United States, and thus may be sued in any judicial district, including this one, pursuant to 28 U.S.C. § 1391(c)(3). *See In re HTC Corp.*, 889 F.3d 1349, 1357 (Fed. Cir. 2018) (holding that "[t]he Court's recent decision in *TC Heartland* does not alter" the alien-venue rule).

## THE PATENTS-IN-SUIT

19. EcoSafe is the exclusive licensee of, and has all substantial rights to, the patents-in-suit, and holds the exclusive right to take all actions necessary to enforce its rights in and to the patents-in-suit, including the filing of this patent infringement action. EcoSafe also has the right to recover all damages for past, present, and future infringements of the patents-in-suit and to seek injunctive relief as appropriate under the law.

20. The '375 patent is entitled "Metal Child Resistant Container." The '375 patent lawfully issued on December 24, 2019 and stems from U.S. Pat. App. No. 16/381,904, filed on April 11, 2019, which is a continuation-in-part of both U.S. Pat. App. No. 15/951,482 filed on April 12, 2018 and U.S. Pat. App. No. 16/011,267 filed on June 18, 2018. A copy of the '375 patent is attached hereto as Exhibit 1.

21. The '182 patent is entitled "Child Resistant Container." The '182 patent lawfully issued on November 8, 2022 and stems from U.S. Pat. App. No. 16/726,152, filed on December 23, 2019, which is a continuation-in-part of U.S. Pat. App. No. 16/381,904 filed on April 11, 2019, U.S. Pat. App. No. 16/011,267 filed on June 18, 2018, and U.S. Pat. App. No. 15/951,482 filed on April 12, 2018. A copy of the '182 patent is attached hereto as Exhibit 2.

## GPA'S KNOWLEDGE OF ITS INFRINGEMENTS

22. The patents-in-suit were invented and developed by Nicholas Karll, owner of Eco Packaging Solutions, a California company in the business of providing sustainable packaging for the cannabis industry. Eco Packaging Solutions is a licensee to the patents-in-suit. Under its brand, "Tin Canna," Eco Packaging Solutions markets a "Patented 100% Recyclable Single Source Child Resistant

Solution" that is covered by, and marked with, the patents-in-suit.[3] Plaintiff EcoSafe has taken reasonable steps to ensure Eco Packaging Solutions' compliance with § 287(a) and has otherwise complied with the marking requirements of 35 U.S.C. § 287(a).

23. Between January and June 2019, GPA engaged in extensive business communications and collaboration with Mr. Karll related to Mr. Karll's inventions. During this period, GPA executed a nondisclosure agreement, received product samples and design documents, and participated in detailed discussions regarding product design, manufacturing specifications, and pricing for child-resistant metal containers covered by the patents-in-suit. These communications included the exchange of confidential information, design drawings, and technical specifications, all of which referenced the proprietary nature of Mr. Karll's products and the existence of patent rights. Accordingly, on information and belief, GPA has had knowledge of, and/or has exercised willful blindness to, the inventions of patents-in-suit since that time. GPA subsequently began manufacturing and selling infringing products despite knowledge of the patents-in-suit and its infringing activities.

24. On December 24, 2019 (the day after the '182 patent was filed), Mr. Karll's counsel formally notified GPA of its infringements by sending a cease-and-desist letter specifically identifying the '375 patent. In response to the cease-and-desist letter, GPA thoroughly analyzed the '375 patent and its prosecution history and ultimately responded in March 2020. GPA has, thus, known of the '375 patent and its infringements of the '375 patent at least since December 24, 2019. Additionally, Eco Packing Solutions marked its products with the patent numbers of the patents-in-suit upon their issuance. As a competitor of GPA familiar with Eco Packing Solutions' products and patents, GPA has known of, or been willfully blind to, the '182 patent and its infringements of the '182 patent since November 8, 2022, when the '182 patent issued.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 10,513,375

25. This cause of action arises under the patent laws of the United States and, in particular, 35

---

[3] *See* Tin Canna, https://tin-canna.com/; Patents, https://tin-canna.com/patents/ (last accessed January 29, 2026).

U.S.C. §§ 271, *et seq*.

26. EcoSafe is the exclusive licensee of the '375 patent with all substantial rights, including the exclusive right to enforce, sue, and recover damages for past and future infringements.

27. The '375 patent is valid and enforceable and was duly issued in full compliance with Title 35 of the United States Code.

*Direct Infringement (35 U.S.C. § 271(a))*

28. GPA has directly infringed, and continues to directly infringe, one or more claims of the '375 patent in this District and elsewhere in California and the United States.

29. Specifically, GPA has infringed and continues to infringe, either by itself or via its agents, at least claims 1-3, 5-7, 12-13, 15, and 17 of the '375 patent by, among other things, making, offering to sell, selling, importing, and/or using the Accused Products.

30. The Accused Products meet all limitations of claims 1-3, 5-7, 12-13, 15, and 17 of the '375 patent, as detailed in Exhibit 3.

31. GPA is liable for its direct infringements of the '375 patent pursuant to 35 U.S.C. § 271.

*Indirect Infringement (Inducement – 35 U.S.C. § 271(b))*

32. In addition to and/or in the alternative to its direct infringements, GPA has indirectly infringed and continues to indirectly infringe one or more claims of the '375 patent by inducing direct infringement by its partners, distributors, customers and end users.

33. GPA has had knowledge of the '375 patent and its infringements since at least December 2019. In no event can GPA claim any lack of knowledge after being served with this Complaint.

34. Despite having knowledge of the '375 patent and its scope, GPA has specifically intended, and continues to specifically intend, for persons (such as GPA's partners, distributors, customers, and end users ) to offer for sale, sell, import, and use the Accused Products, which infringe at least claims 1-3, 5-7, 12-13, 15, and 17 of the '375 patent as set forth in Exhibit 3. For example, GPA provides its partners, distributors, and customers with Accused Products for distribution and/or resale, and it instructs and encourages its partners, distributors, and customers to package their own goods in the Accused Products

for sale to consumers.[4] GPA knew or should have known that its actions have induced, and continue to induce, such infringements.

*Indirect Infringement (Contributory – 35 U.S.C. § 271(c))*

35. In addition to and/or in the alternative to its direct infringements, GPA has indirectly infringed and continues to indirectly infringe one or more claims of the '375 patent by contributing to the direct infringement by its partners, distributors, customers, and end users.

36. GPA has had knowledge of the '375 patent and its infringements since at least December 2019. In no event can GPA claim any lack of knowledge after being served with this Complaint.

37. Despite having knowledge of the '375 patent and its scope, GPA has made, sold, offered for sale, and/or imported into the United States Accused Products that constitute the material part of the inventions claimed in the '375 patent, including at least claims 1-3, 5-7, 12-13, 15, and 17 as set forth in Exhibit 3. The Accused Products are especially made or especially adapted for use in infringing the asserted claims, and they are not staple articles or commodities of commerce suitable for substantial non-infringing use.

38. With knowledge of the '375 patent and the infringing nature of the Accused Products, GPA has supplied, and continues to supply, Accused Products to its partners, distributors, customers, and end users for use in practicing the claimed inventions of the '375 patent. For example, GPA supplies them with the Accused Products for distribution and/or resale and instructs and encourages such partners, distributors, and customers to package goods in the Accused Products in a manner that practices the asserted claims, as set forth in Exhibit 3.[5] GPA knew, or was willfully blind to the fact, that the Accused Products are especially made or adapted for use in infringement of the '375 patent and that the Accused Products are not suitable for substantial non-infringing use.

**Damages**

39. EcoSafe has been damaged by GPA's infringing conduct described in this Count. GPA is,

---

[4] Linus: Tins, https://www.gpaglobal.net/packaging/child-resistant-cr-packaging/linus-series-cannabis-packaging/ (last accessed January 29, 2026).

[5] *Id.*

1  thus, liable to EcoSafe in an amount that adequately compensates it for GPA's infringements, which, by
2  law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under
3  35 U.S.C. § 284.

4  40.  Despite having knowledge of the '375 patent, and knowledge that it is directly and/or
5  indirectly infringing claims of the '375 patent, GPA has nevertheless continued its infringing conduct in
6  an egregious manner. GPA knew of the '375 patent and its scope, yet continued to use, manufacture,
7  import, offer for sale, and sell infringing products. At the very least, GPA was willfully blind to the '375
8  patent and its application to the Accused Products. For at least these reasons, GPA's infringing activities
9  have been, and continue to be, willful, wanton, and deliberate in disregard of EcoSafe's rights with respect
10 to the '375 patent, justifying enhanced damages under 35 U.S.C. § 284.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 11,492,182

13  41.  This cause of action arises under the patent laws of the United States and, in particular, 35
14 U.S.C. §§ 271, *et seq*.

15  42.  EcoSafe is the exclusive licensee of the '182 patent with all substantial rights, including the
16 exclusive right to enforce, sue, and recover damages for past and future infringements.

17  43.  The '182 patent is valid and enforceable and was duly issued in full compliance with Title
18 35 of the United States Code.

19 *Direct Infringement (35 U.S.C. § 271(a))*

20  44.  GPA has directly infringed, and continues to directly infringe, one or more claims of the
21 '182 patent in this District and elsewhere in California and the United States.

22  45.  Specifically, GPA has infringed and continues to infringe, either by itself or via its agents,
23 at least claims 1-4, 6, 7, 9, 10, 14, 15, 17, 19, and 20 of the '182 patent by, among other things, making,
24 offering to sell, selling, importing, and/or using the Accused Products.

25  46.  The Accused Products meet all limitations of claims 1-4, 6, 7, 9, 10, 14, 15, 17, 19, and 20
26 of the '182 patent, as detailed in Exhibit 4.

27  47.  GPA is liable for its direct infringements of the '182 patent pursuant to 35 U.S.C. § 271.

28

*Indirect Infringement (Inducement – 35 U.S.C. § 271(b))*

48. In addition to and/or in the alternative to its direct infringements, GPA has indirectly infringed and continues to indirectly infringe one or more claims of the '182 patent by inducing direct infringement by its partners, distributors, customers, and end users.

49. On information and belief, GPA has had knowledge of the '182 patent and its infringements since at least November 2022. In no event can GPA claim any lack of knowledge after being served with this Complaint.

50. Despite having knowledge of the '182 patent and its scope, GPA has specifically intended, and continues to specifically intend, for persons (such as GPA's partners, distributors, customers, and end users) to offer for sale, sell, import, and use the Accused Products, which infringe at least claims 1-4, 6, 7, 9, 10, 14, 15, 17, 19, and 20 of the '182 patent as set forth in Exhibit 4. For example, GPA provides its partners, distributors, and customers with the Accused Products for distribution and/or resale and instructs and encourages its partners/customers to package their own goods in the Accused Products for sale to consumers.[6] GPA knew or should have known that its actions have induced, and continue to induce, such infringements.

*Indirect Infringement (Contributory – 35 U.S.C. § 271(c))*

51. In addition to and/or in the alternative to its direct infringements, GPA has indirectly infringed and continues to indirectly infringe one or more claims of the '182 patent by contributing to the direct infringement by its partners, distributors, and end users.

52. On information and belief, GPA has had knowledge of the '182 patent and its infringements since at least November 2022. In no event can GPA claim any lack of knowledge after being served with this Complaint.

53. Despite having knowledge of the '182 patent and its scope, GPA has sold, offered for sale, and/or imported into the United States the Accused Products that constitute the material part of the inventions claimed in the '182 patent, including at least claims 1-4, 6, 7, 9, 10, 14, 15, 17, 19, and 20, as

---

[6] *Id.*

set forth in Exhibit 4. The Accused Products are especially made or especially adapted for use in infringing the asserted claims, and they are not staple articles or commodities of commerce suitable for substantial non-infringing use.

54. With knowledge of the '182 patent and the infringing nature of the Accused Products, GPA has supplied and continues to supply the Accused Products to its partners, distributors, customers, and end users for use in practicing the claimed inventions of the '182 patent. For example, GPA supplies its partners, distributors, and customers with the Accused Products for distribution and/or resale and instructs and encourages them to package goods in the Accused Products in a manner that practices the asserted claims, as set forth in Exhibit 4.[7] GPA knew, or was willfully blind to the fact, that the Accused Products are especially made or adapted for use in infringement of the '182 patent and that the Accused Products are not suitable for substantial non-infringing use.

**Damages**

55. EcoSafe has been damaged by GPA's infringing conduct described in this Count. GPA is, thus, liable to EcoSafe in an amount that adequately compensates it for GPA's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

56. Despite having knowledge of the '182 patent, and knowledge that it is directly and/or indirectly infringing claims of the '182 patent, GPA has nevertheless continued its infringing conduct in an egregious manner. GPA knew of the '182 patent and its scope, yet continued to use, manufacture, import, offer for sale, and sell infringing products. At the very least, GPA was willfully blind to the '182 patent and its application to Accused Products. For at least these reasons, GPA's infringing activities have been, and continue to be, willful, wanton, and deliberate in disregard of EcoSafe's rights with respect to the '182 patent, justifying enhanced damages under 35 U.S.C. § 284.

**DEMAND FOR A JURY TRIAL**

EcoSafe demands a trial by jury on all issues triable to a jury pursuant to Rule 38 of the Federal

---

[7] *Id.*

Rules of Civil Procedure.

**PRAYER FOR RELIEF**

EcoSafe respectfully requests that this Court enter judgment in its favor and grant the following relief:

(i) Judgment and Order that GPA USA, LLC, GPA Global Corporation, and GPA Hong Kong Limited have directly and/or indirectly infringed one or more claims of each of the patents-in-suit;

(ii) Judgment and Order that GPA USA, LLC, GPA Global Corporation, and GPA Hong Kong Limited, jointly and severally, must pay EcoSafe past and future damages under 35 U.S.C. § 284, including supplemental damages arising from any continuing, post-verdict infringement for the time between trial and entry of the final judgment, together with an accounting, as needed, under 35 U.S.C. § 284;

(iii) Judgment and Order that GPA USA, LLC, GPA Global Corporation, and GPA Hong Kong Limited, jointly and severally, must pay EcoSafe reasonable ongoing royalties after Final Judgment;

(iv) Judgment and Order that GPA USA, LLC, GPA Global Corporation, and GPA Hong Kong Limited's infringements of the patents-in-suit have been willful from the time that they became aware of the infringing nature of its products, and that the Court award treble damages pursuant to 35 U.S.C. § 284;

(v) Judgment and Order that GPA USA, LLC, GPA Global Corporation, and GPA Hong Kong Limited, jointly and severally, must pay EcoSafe pre-judgment and post-judgment interest on the damages award;

(vi) Judgment and Order that GPA USA, LLC, GPA Global Corporation, and GPA Hong Kong Limited, jointly and severally, must pay EcoSafe's costs;

(vii) Judgment and Order that the Court find this case exceptional under the provisions of 35 U.S.C. § 285 and, accordingly, order GPA USA, LLC, GPA Global Corporation, and GPA Hong Kong Limited, jointly and severally, to pay EcoSafe's attorneys' fees; and

(viii) Such other and further relief as the Court may deem just and proper.

Dated: February 3, 2026

Respectfully submitted,

/s/ *Edward R. Nelson III*

Edward R. Nelson III (*admitted Pro Hac Vice*)
Texas Bar No. 00797142
Christopher G. Granaghan (*admitted Pro Hac Vice*)
Texas Bar No. 24078585
Carder W. Brooks (*admitted Pro Hac Vice*)
Texas Bar No. 24105536
Jinming Zhang (*admitted Pro Hac Vice*)
Virginia Bar. No. 96210
ed@nelbum.com
chris@nelbum.com
carder@nelbum.com
jinming@nelbum.com
NELSON BUMGARDNER CONROY P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111

Ryan E. Hatch (SBN 235577)
ryan@hatchlaw.com
HATCH LAW, PC
13323 Washington Blvd., Suite 100
Los Angeles, CA 90066
Tel: 310-279-5079
Fax: 310-693-5328

**Attorneys for Plaintiff**
**ECOSAFE PACKAGING, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF filing system, which will generate and send an e-mail notification of said filing to all counsel of record, on this February 3, 2026.

/s/ *Edward R. Nelson III*